IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard McFadden, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>Simon Major, Director of SLRDC, in his )<br>individual and personal capacity; D. )<br>Scott Cook, Dietician of SLRDC, in his )<br>individual and personal capacity, )<br>)<br>  Defendants. )<br>_____)  | C/A No.: 1:10-1941-TMC-SVH<br><br><br><br><br>REPORT AND RECOMMENDATION |

Plaintiff, proceeding *pro se* and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was a pretrial detainee incarcerated at Sumter-Lee Regional Detention Center ("SLRDC"). This matter is before the court on Defendants' Motion for Summary Judgment [Entry #33]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this Report and Recommendation is entered for review by the district judge.

I.      Factual and Procedural Background

In his complaint, Plaintiff alleges Defendants are violating his constitutional rights by serving extremely small food portions. Compl. at 3 [Entry #1]. Specifically, Plaintiff claims that the "child-sized, high school trays" used at SLRDC do not contain adequate food and cause extreme hunger pains. *Id.* Plaintiff claims both that: (1) the small portions

are in retaliation for his filing a prior lawsuit, *see* Compl. at 3; and (2) the alleged deprivation occurred prior to his previous lawsuit, *see* Pl.'s Resp. Br. ¶ 4. Plaintiff requests injunctive and monetary relief. *Id.* at 2.

Defendants filed their motion for summary judgment on March 21, 2011. [Entry #33]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #34]. Plaintiff was transferred around the time period that Defendants' motion was served, and the undersigned therefore extended his time for responding to the motion. Plaintiff filed a response in opposition to Defendants' motion on June 21, 2011 [Entry #51], and Defendants filed a reply [Entry #52]. Having carefully considered the parties' submissions and the record in this case, the court recommends granting Defendants' motion for summary judgment.

II.     Discussion

    A.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by

"citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.  Analysis

Plaintiff's claims are analyzed through the lens of the Due Process clause of the Fourteenth Amendment. "[A] pretrial detainee, not yet found guilty of any crime, may not be subjected to punishment of any description." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th

3

Cir. 1992). "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Hill,* 979 F.2d at 991. "And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell v. Wolfish*, 441 U.S. 520, 537 (1979). "A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. In doing so, the *Bell* court noted, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.* at 546.

However, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243–44 (1983) and *Hill*, 979 F.2d at 991–92). Therefore, the standards applied in Eighth Amendment conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees. *See Hill*, 979 F.2d at 991; *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).

In order to state a viable conditions-of-confinement claim, an inmate must show that: (1) the conditions were objectively serious enough to pose a substantial risk of serious harm;

and (2) that the prison official's state of mind was one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993), the Fourth Circuit explained that an inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant harm. The Prison Litigation Reform Act of 1996 also placed an important limitation upon all actions arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Under federal law, no recovery of monetary damages is allowed for emotional stress: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Therefore, there is no liability under § 1983 for such claims.

It is well-settled that prisoners have a right to "nutritionally adequate food, prepared and served under conditions that do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir.1985) (internal quotations marks and citation omitted); *see also Farmer*, 511 U.S. at 833. The Constitution does not guarantee, however, food that is prepared and served in a culinarily-pleasing manner. *See Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir. 1994) (holding that allegations of cold, poorly prepared beans were insufficient to state a constitutional claim); *La Maire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (holding that a temporary diet of Nutraloaf did not rise to a constitutional violation); *Hamm v. DeKalb County*, 774 F.2d

5

1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."); *see also Williams v. Berge*, 102 Fed. Appx. 506, 507 (7th Cir. 2004) (unpublished) ("Prisoners have a right to adequate food, but not to food that is tasty or even appetizing[.]") (internal citations omitted).

According to Defendants, inmates at the SLRDC all receive the same tray with the same food portions. Aff. McGhaney ¶ 7 [Entry #33-3]. Defendant Cook is a registered, licensed dietician who serves as a part-time consultant to SLRDC and devised a menu for inmates at the SLRDC on three-week cycles. Cook Aff. ¶ 7 [Entry #33-4]. Cook avers that he coordinates the menu referencing the food guide pyramid of the United States Department of Agriculture. *Id*. at ¶ 4–5.  In his professional opinion as a licensed and registered dietician, Cook attests the menus at the SLRDC are nutritionally sound. *Id*. at ¶ 13.

Although Plaintiff submits his own affidavit, as well as affidavits of former SLRDC inmates,[1] attesting that the diet at SLRDC is inadequate for adults, he provides no evidence that he has suffered a serious or significant harm resulting from the diet.  Although Plaintiff submits his own medical records for the proposition that he was often constipated and suffered from sensitive gums and hunger pains as a result of the diet, a review of his medical

---

[1] At least one of the affidavits Plaintiff submitted concerns food portions at SLRDC during the years of 2001–2004, which are not relevant to Plaintiff's claims about his time at SLRDC in 2009–2010. However, because Plaintiff has failed to show serious harm resulting from the alleged deprivation, the undersigned has not discussed the content of the affidavits in detail.

records also indicates that Plaintiff gained over twenty-five pounds while at SLRDC. *See* Medical Records, pp. 1 and 33 [Entry #51-4]. Additionally, Plaintiff submits no proof that his constipation and bleeding gums were caused by an inadequate diet. In fact, his medical records indicate that he was advised to exercise and drink more water for his constipation, and to maintain better dental hygiene for his gums. Therefore, because Plaintiff has not set forth sufficient evidence that the alleged deprivation resulted in serious or significant harm, it is recommended that Defendants be granted summary judgment.

III.    Conclusion

For the foregoing reasons, it is recommended that Defendants' motion for summary judgment [Entry #33] be granted, and this case be dismissed in its entirety with prejudice.

IT IS SO RECOMMENDED.

October 17, 2011                                Shiva V. Hodges
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**