```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF SOUTH CAROLINA
                              AIKEN DIVISION
```

Bernard McFadden,                       )
                                        )      C/A No. 1:10-1941-TMC
                    Plaintiff,          )
                                        )
     v.                                 )      **OPINION & ORDER**
                                        )
                                        )
Simon Major; and                        )
D. Scott Cook,                          )
                                        )
                    Defendants.         )
_____ )

Plaintiff, an inmate proceeding *pro se*, has filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On October 17, 2011, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report") recommending Defendants' Summary Judgment Motion (Dkt. # 33) be granted. (Dkt. # 55). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. # 55 Attach. # 1). Plaintiff filed objections to the Magistrate Judge's Report on November 2, 2011. (Dkt. # 58).

The court is charged with making a de novo determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* The district court need not conduct a de novo review

when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir.1982). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The court has carefully reviewed Plaintiff's objections and finds that his objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report or merely restate his claims.

As noted by the Magistrate Judge, to succeed on any Eighth Amendment claim regarding conditions of confinement, a plaintiff must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996). In order to demonstrate an extreme deprivation, an individual "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."  *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).  Without such a showing, a plaintiff must demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions.  *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir.1997). The key in determining whether prison conditions become cruel and unusual requires examination of the effect on the inmate. *See Rhodes v. Chapman*, 452 U.S. 337, 364 (1981).

The Magistrate Judge found Plaintiff has failed to show either injury or a substantial risk of serious harm based upon his diet at the Sumter-Lee Regional Detention Center ("SLRDC") and the court agrees. Plaintiff alleges he suffers from extreme hunger pains, headaches, constipation, weight loss, decaying teeth, and soft and

bleeding gums due to an inadequate diet. (Am. Compl. at 3). However, Plaintiff has failed to state a claim regarding conditions of confinement as there is no evidence that Plaintiff's diet caused him to suffer any injury. Furthermore, as the Magistrate Judge pointed out, Plaintiff gained over twenty-five pounds while at SLRDC and he was advised to exercise and drink more water for his constipation and to maintain better oral hygiene for his gums.

In his objections, Plaintiff cites to *Helling v. McKinney*, 509 U.S. 25, 36 (1993), where the court in addressing exposure to second-hand smoke held that the Eighth Amendment provides protection against conditions that have not resulted in past injury, but are reasonably likely to cause serious harm in the future. *Helling* involved a prisoner who was assigned to a cell with an inmate who smoked five packs of cigarettes per day. *Helling,* 509 U.S. at 36. Here, however, Plaintiff's arguments on this point fail because he may make out a claim for future injury only if the conditions are '"sure or very likely to cause serious illness and needless suffering," and give rise to "sufficiently imminent dangers." *Helling*, 509 U.S. at 33. 34-35. Plaintiff has not presented any evidence to prove either. The medical records reflect Plaintiff gained weight during his time at the SLRDC, and there is no evidence that he suffered any ill health as a result of inadequate nutrition other than Plaintiff's own conclusory allegations. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985)(holding conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion). Accordingly, Plaintiff's claims fail.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Defendants' Summary Judgment Motion (Dkt. # 33) is **GRANTED**

and this case is **DISMISSED** with prejudice

    **IT IS SO ORDERED.**

                                                  s/Timothy M. Cain
                                                  United States District Judge

November 22, 2011
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.